

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NOS. WR-83,709-01 and -02

**EX PARTE PETER JOHN ELLINGTON, Applicant**

### ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W416-82711-09-HC1 and HC2 IN THE 416th DISTRICT COURT
### FROM COLLIN COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count of aggravated sexual assault of a child and one count of indecency with a child. He was sentenced to imprisonment for fifty-four years on the first count and twenty years' imprisonment on the second count.

On June 24, 2015, an order designating issues was signed by the trial court in each

application.[1]  The applications, while forwarded to this Court properly by the district clerk, were sent here without the designated issues have been resolved by the trial court.[2]   Therefore, we remand these applications to the 416th District Court of Collin County to allow the trial judge to complete an evidentiary investigation and enter findings of fact and conclusions of law.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order.  A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order.  Any extensions of time shall be obtained from this Court.

Filed: September 23, 2015
Do not publish

---

[1] The document signed by the trial court is styled as a "memorandum," but it designates issues for resolution.  Therefore, it is being treated as an order designating issues.

[2] According to the record, the State received a copy of the habeas applications on May 18, 2015, and the trial court's orders were signed outside of the allowable time limit set out in TEX. CODE CRIM. PROC. art. 11.07, § 3.